IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALGREEN CO., | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) **JURY DEMANDED** |
| NJOY, LLC | ) |
| Defendant. | ) |

# COMPLAINT

Walgreen Co. ("Walgreens"), by and through its undersigned attorneys, hereby files this Complaint for breach of contract against NJOY, LLC ("NJOY"), alleging as follows:

## I.   NATURE OF THE CASE

1. This is an action for breach of contract or, alternatively, unjust enrichment. It arises from NJOY's breach of its promises and obligations pursuant to the parties' contracts and agreements. NJOY sold electronic cigarettes (the "E-Cigarettes") to Walgreens. NJOY specifically agreed to pay Walgreens to participate in various marketing promotions and markdowns that were implemented at various times between 2018 and 2019. NJOY also agreed to pay to Walgreens any amounts that a post-audit of the parties' transactions performed by Walgreens found that it owed. NJOY has refused to pay Walgreens for the costs of these promotional markdowns or for the unrecovered warehouse returns that a post-audit performed by Walgreens found.

2. As a direct and proximate result of NJOY's breaches of contract, Walgreens has suffered damages in an amount to be proven at trial, but not less than $2,614,680.77.

This amount accounts for offsets that Walgreens has applied to NJOY's account with Walgreens, as the parties agreed that Walgreens could do. Walgreens files this lawsuit to recover those damages.

## II. THE PARTIES

3. Walgreens is an Illinois corporation with its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015. Walgreens is thus a citizen of Illinois. Walgreens is in the business of providing consumer goods and services, as well as pharmacy, health and wellness services, through thousands of retail stores throughout the United States.

4. NJOY, LLC is an active Delaware limited liability company with its principal place of business located at 9977 N. 90th Street, Suite 160, Scottsdale, Arizona, 85258. On information and belief, and based on Walgreens' research, including review of the public record of Arizona and Delaware, NJOY is a citizen of either Delaware or Arizona, as its sole member is NJOY Holdings, Inc., a Delaware corporation with its principal place of business located in Arizona. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("[B]ecause the information necessary to establish the diversity of the citizenship of some of the defendants was not reasonably available to plaintiff, we conclude that the court should have permitted Carolina to plead its jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting those defendants' citizenship."); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) ("If, after this inquiry [of public records], the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith."); *Employers Preferred Ins. Co. v. C&K Hotel Grp.*, LLC, No. 15-CV-1500, 2016 WL 755600, at *3 (C.D. Ill. Feb. 25, 2016) (same). NJOY is engaged primarily in the manufacture and distribution of electronic cigarettes and component parts.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the citizenship of Walgreens and NJOY is diverse and the amount in controversy is in excess of $75,000.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims made in this lawsuit occurred within the Northern District of Illinois. Furthermore, in the parties' General Trade Agreement, they agreed that disputes would be resolved by courts sitting in the State of Illinois, including this Court.

### IV. FACTUAL ALLEGATIONS

**A. The Parties' Agreements**

7. Walgreens and NJOY agreed that Walgreens would buy E-Cigarettes from NJOY and stock E-Cigarettes at its stores for resale to consumers. Walgreens and NJOY agreed that these purchases by Walgreens would be pursuant to certain written agreements.

8. Walgreens and NJOY agreed to the Walgreen Co. General Trade and Electronic Data Interchange Agreement (the "General Trade Agreement"). NJOY f/d/b/a/ Sottera, Inc. signed the General Trade Agreement with an effective date of October 31, 2011.

9. Section E.6 of the GTA explicitly incorporates Walgreens' Post Audit Policy. The Post Audit Policy provides that "Walgreens reserves the right to audit all transactions up to two and one-half years from the end of the calendar year that the transaction occurred."

10. In addition, NJOY agreed with Walgreens to participate in various marketing promotions ("Markdown Agreements") throughout the parties' business relationship.

11. From May 2019 through August 2019 NJOY agreed to Markdown Agreements for its Ace and Loop E-Cigarette devices. In its agreements to these promotions, NJOY agreed to refund to Walgreens a portion of the sale of each device sold by Walgreens during the agreed period. The prices NJOY agreed to refund varied by State and by type of device but ranged from $15.99 to $32.32.

12. From September 2019 through October 2019, NJOY agreed to similar Markdown Agreements as from May 2019 through August 2019, except for those promotions, NJOY agreed to refund Walgreens between $15.99 to $62.00 for E-Cigarettes sold by Walgreens during those months.

13. NJOY enjoyed the benefits of the Markdown Agreements by stimulating the sale of approximately 143,127 units of its E-Cigarette devices. The sale of these devices was economically important to NJOY, as once a consumer purchases these devices that consumer is more likely to buy the replaceable cartridges that NJOY sells separately for use with those devices.

**B.     NJOY Breaches its Agreements with Walgreens**

14. Consistent with the terms of the General Trade Agreement, NJOY owes Walgreens $127,588.45 for post audit claims that Walgreens sought from NJOY to recover the cost of warehouse returns not paid by NJOY. Walgreens demanded this payment from NJOY, which has refused to pay it.

15. Consistent with the terms of the Markdown Agreements, Walgreens sold approximately 143,127 E-Cigarette devices subject to the Markdown Agreements entered into by the parties from May 2019 through October 2019. As a result, NJOY owes Walgreens a total of $2,487,092.32 related to these Markdown Agreements.

16. Walgreens has demanded this payment from NJOY, which has refused to pay it.

17. In total, after taking into account credits to NJOY, NJOY now owes Walgreens at least $2,614,680.77 relating to the E-Cigarettes and either the Markdown Agreements or the post-audit payments.

## COUNT I
### (Breach of Contract)

18. Walgreens re-alleges as Paragraph 18 of Count I paragraphs 1-17 above.

19. Walgreens and NJOY contracted by the General Trade Agreement that Walgreens could seek any amounts owing after an audit, for up to two and a half years.

20. Walgreens and NJOY further contracted by the Markdown Agreements that Walgreens would be paid rebates by NJOY of between $15.99 and $62.00 for various E-Cigarette devices sold by Walgreens at a discounted price.

21. The General Trade Agreement is a valid and enforceable contract.

22. The Markdown Agreements are valid and enforceable contracts.

23. Walgreens fully complied with its obligations under the General Trade Agreement and the Markdown Agreements.

24. NJOY, however, breached the General Trade Agreement by failing to make payment of $127,588.45 following the audit performed by Walgreens related to the recovery of the cost of warehouse returns not paid by NJOY.

25. NJOY further breached the Markdown Agreements by failing to pay Walgreens $2,487,092.32 in rebates associated with the markdowns.

26. NJOY's breaches proximately caused Walgreens' damages, in the amount of at least $2,614,680.77.

**WHEREFORE**, Walgreens prays the judgment be entered in its favor and against NJOY for damages in an amount to be determined by the Court, plus pre-judgment interest, and for such other relief as the Court deems just and proper.

## COUNT II
### (Unjust Enrichment)
### (Pled In the Alternative)

27. Walgreens re-alleges as Paragraph 27 of Count II paragraphs 1-26 above.

28. NJOY was unjustly enriched in the amount of $2,487,092.32 as a result of sales of E-Cigarettes that occurred only because of the Markdown Agreements, after Walgreens incurred substantial additional expense and after Walgreens had paid NJOY the full price for those products.

29. NJOY was also unjustly enriched in the amount of $127,588.45 by refusing to make payment for amounts owed to Walgreens, as found in the Walgreens audit.

30. Allowing NJOY to retain the benefits of its own wrongdoing, which is at least $2,614,680.77 alleged herein, would violate fundamental principles of justice, equity and good conscience.

**WHEREFORE,** Walgreens hereby requests that this Court enter Judgment in its favor and against NJOY awarding damages in an amount to be determined by the Court, plus prejudgment interest, and such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Walgreen Co. hereby demands trial by jury in this case.

Respectfully submitted,

**WALGREEN CO.**

By:     s/ Robert M. Andalman
          One of its Attorneys

Robert M. Andalman (ARDC #6209454)
Rachael Blackburn (ARDC #6277142)
Diana C. Guler (ARDC #6326990)
A&G Law LLC
542 S. Dearborn St., 10th Floor
Chicago, IL 60605
(312) 341-3900
randalman@aandglaw.com
rblackburn@aandglaw.com
dguler@aandglaw.com